IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PATRICE HULON,

                                Plaintiff,

   v.

AM. FAMILY INS. CO. and LYNDSAY WEBERPAL,

                                Defendants.

OPINION and ORDER

22-cv-303-jdp

---

Pro se plaintiff Patrice Hulon alleges that, after a car accident with defendant Lyndsay Weberpal, defendant American Family Insurance Company breached an insurance policy by failing to offer Hulon a fair settlement of her claim.

Because Hulon proceeds in forma pauperis, I must screen the complaint under 28 U.S.C. § 1915A(e)(2)(B). I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Hulon's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

The court plainly lacks subject-matter jurisdiction over the case because the only viable claims in Hulon's complaint are Wisconsin-law claims, not federal ones. Hulon and American Family are both citizens of Wisconsin, the court cannot exercise jurisdiction on the basis of diversity of citizenship. So I will dismiss this case, though without prejudice to Hulon's right to pursue her claims in state court.

ALLEGATIONS OF FACT

On May 30, 2019, Weberpal rear-ended Hulon's car. Weberpal was at fault and did not have auto insurance. Hulon received emergency treatment at Beloit Memorial Hospital and further treatment after her discharge because of the accident.

Hulon's auto insurance policy with American Family provided medical expenses coverage of $10,000 per person and uninsured motorist/bodily injury coverage of $250,000 per person. American Family paid Hulon $10,000 in medical expenses. Hulon received Medicare and was required to reimburse "any second payer as part of any settlement under the Medicare as a Secondary Payer Act for accident related medical expenses."

Hulon was represented by two law firms initially. American Family offered Hulon $47,000 to settle her claim, which included the $10,000 that it already paid. Hulon rejected the "lowball" offer and sought "a three digit offer." American Family lowered its offer to $45,000.[1] Hulon rejected the new offer, partly because her medical bills exceeded this amount. At some point, American Family offered Hulon $40,267.33 in addition to the $10,000 that it already paid. While representing herself, Hulon rejected another offer whose amount she fails to state. American Family notified Hulon that the law firms that initially represented her maintained liens "of 1/3 each on [] any settlement." Hulon made a counteroffer of $300,000 to $500,000. American Family asked Hulon for more medical documentation to evaluate her uninsured motorist/bodily injury claim and to investigate issues related to subrogation. American Family again offered $40,267.33 in uninsured motorist coverage, in addition to the $10,000 that it already paid.

---

[1] Other allegations suggest that the $47,000 and $45,000 settlement offers did not include the $10,000 payment, but this issue is irrelevant to the question of subject-matter jurisdiction.

2

Hulon notified American Family that she continued to receive medical treatment for accident-related injuries. Hulon's medical expenses allegedly exceeded $100,000. American Family improperly determined Hulon's claim to be fraudulent because her accident was minor, and failed to investigate and deliberately downplayed her medical claims to save money. Hulon adds that American Family improperly failed to include her "second payer reimbursement payments required" by the Medicare as a Secondary Payer Act "as part of the settlement offers."

Hulon alleges several Wisconsin-law causes of actions, including breach of contract and fraud. Hulon also contends that American Family's actions were "contrary to the laws" of "the United States" and "in violation of [her] Federal Constitutional Rights." Hulon seeks damages.

ANALYSIS

"Under 28 U.S.C. § 1331, district courts have federal question jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States." *Napoleon Hardwoods, Inc. v. Professionally Designed Benefits, Inc.*, 984 F.2d 821, 822 (7th Cir. 1993). To determine whether a claim arises under federal law, courts "examine the 'well pleaded' allegations of the complaint and ignore potential defenses." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *see also Burda v. M. Ecker Co.*, 954 F.2d 434, 438 (7th Cir. 1992) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). "Under the well-pleaded complaint rule, federal law must create the cause of action, or some substantial, disputed question of federal law must be an element in the claim." *Napoleon*, 984 F.2d at 822.

Hulon fails to allege a federal cause of action. The complaint's thrust is that American Family breached its auto insurance policy in bad faith and defrauded Hulon; her breach of

3

contract, fraud, and related claims arise under Wisconsin law. *See* Dkt. 1 at 2; *cf. Napoleon*, 984 F.2d at 822 ("Napoleon's claim for breach of a contract or negligent performance of a duty imposed by a contract to procure insurance is a state law claim. It is not a cause of action created by federal law."); *French v. Nw. Mut. Life Ins. Co.*, 570 F. Supp. 3d 650, 654 (E.D. Wis. 2021) ("[T]here is no federal cause of action for Plaintiffs' common law breach of contract, breach of the implied duty of good faith, or common law fraud claims.").

Hulon alleges that American Family's actions were "contrary to the laws" of "the United States" and "in violation of [her] Federal Constitutional Rights," Dkt. 1 at 2, but these allegations are mere labels. Hulon fails to identify any federal cause of action, and I see no possible basis for one arising from her allegations, which involve breach of contract, fraud, and related Wisconsin-law theories. *See E. Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc.*, 3 F.4th 954, 958 (7th Cir. 2021) ("For a case to satisfy § 1331 by arising under federal law, . . . it is not enough for a plaintiff to merely call upon a constitutional provision, a federal statute, or a principle of federal common law in the complaint."); *cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Hulon's Wisconsin-law claims fail to present a substantial question of federal law. Hulon contends that American Family improperly failed to include her "second payer reimbursement payments required" by the Medicare as a Secondary Payer Act with its settlement offers. As relevant here, the Medicare as a Secondary Payer Act authorizes the federal government to "make conditional payments to cover medical expenses for Medicare beneficiaries insured by a primary plan, subject to later reimbursement from a primary plan," and "imposes reporting requirements on health insurers so that the government can identify

the primary plan responsible for payment." *Ill. Ins. Guar. Fund v. Becerra*, 33 F.4th 916, 918 (7th Cir. 2022). Hulon acknowledges this in her complaint. I have found no Medicare as a Secondary Payer Act provision or other authority proposing that the Act requires primary insurers to include amounts they must reimburse the government under the Act in their settlement offers to beneficiaries. Hulon may mean that the Medicare as a Secondary Payer Act required American Family to offer Hulon twice the amount that it had to reimburse the government. This proposition is doubtful, but I need not decide this issue because it is immaterial. Hulon's allegations center on the validity of American Family's interpretation of the policy, the adequacy of its investigation, and the propriety of its motives in making its settlement offers.

I lack diversity jurisdiction over Hulon's Wisconsin-law claims because she and defendants are Wisconsin citizens. *See* Dkt. 1 at 2–3; *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Because I lack subject-matter jurisdiction, I will dismiss this case without prejudice. This means that Hulon is free to pursue her claims in state court. Because Hulon's assertion of subject-matter jurisdiction is plainly meritless, I will not give her an opportunity to amend her complaint or issue a show cause order. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."); *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) (district court need not grant leave to amend futile complaint); *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999) ("The term 'frivolous' is used to denote . . . a suit that, for whatever reason, clearly can't be maintained. The reason might be jurisdictional.").

ORDER

IT IS ORDERED that:

1. This case is DISMISSED without prejudice for lack of subject-matter jurisdiction.

2. The clerk of court is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered April 6, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge